I respectfully disagree with the majority's opinion finding plaintiff's shoulder condition causally related to the compensable injury by accident.
Competent evidence of a causal link between plaintiff's injury by accident and her subsequent development of scapulothoracic bursitis requires expert medical testimony that is based upon more than mere speculation and conjecture. Holley v. ACTS, Inc., 357 N.C. 228,581 S.E. 2d 750 (2003). While the majority finds Dr. Speer's testimony to be competent and based upon sufficient objective evidence, I do not believe that his opinion is based upon a complete review of the medical treatment plaintiff received for her wrist injury. After examining plaintiff once, 27 months following the injury by accident, Dr. Speer unequivocally opined that plaintiff's scapulothoracic bursitis was caused by the medical treatment, including the wearing of a long-arm cast plaintiff received for her wrist injury. Dr. Speer testified that knowledge of the amount of time plaintiff was in the cast combined with when she first reported shoulder pain would be relevant to determining if the scapulothoracic bursitis was causally related. Despite this testimony, Dr. Speer conceded that he was not aware of the extent and duration of time plaintiff spent in a cast or when plaintiff first complained of shoulder pain. Thus, Dr. Speer's causation opinion is clearly based upon assumptions he has made about her medical treatment rather than the actual, objective evidence of plaintiff's medical treatment.
Further, even after performing a physical examination of plaintiff, Dr. Speer was unaware that plaintiff suffered from scoliosis, a condition which he agreed could cause scapulothoracic *Page 14 
bursitis. When Dr. Speer was provided medical records indicating that plaintiff suffers from fairly marked scoliosis, Dr. Speer would only opine that it was possible that her scoliosis was an underlying mechanism for her developing scapulothoracic bursitis. When asked to provide an objective basis for why plaintiff's prominent scoliosis was not the most likely cause of plaintiff's scapulothoracic bursitis, Dr. Speer's answer was "I — I just don't think it is based on my — my — it's — it's my — it's my answer to your question." While Dr. Speer was adamant, he could not provide an adequate medical basis for his opinion and it amounts to nothing more than speculation on his part.
On the other hand, Drs. Thompson and Nunley were aware of all relevant factors necessary to form a competent, objective opinion regarding the cause of plaintiff's scapulothoracic bursitis. Dr. Thompson, an orthopedic surgeon, treated plaintiff shortly after her injury by accident. He was aware of the amount of time plaintiff spent in a long-arm cast and when plaintiff first reported shoulder pain. Further, Dr. Thompson clearly noted that plaintiff suffered from scoliosis. Dr. Thompson stated that he had treated thousands of patients and had never seen anyone develop scapulothoracic bursitis as a result of wearing a long-arm cast or as a result of a wrist injury and the resulting therapy.
Dr. Nunley, the head orthopedic surgeon at Duke University Medical Center, trained both Drs. Thompson and Speer. Dr. Nunley treated plaintiff for her right ankle injury but was also familiar with plaintiff's wrist injury and the treatment she received for it. Dr. Nunley testified that in his 27 years of practice he had never seen a patient develop scapulothoracic bursitis as a result of being placed in a long-arm cast. *Page 15 
For these reasons, I would give greater weight to the opinions of Drs. Thompson and Nunley and find that plaintiff has failed to carry her burden to establish that her current shoulder condition is a direct or indirect result of the motor vehicle accident of June 22, 2004.
This the 30th day of April 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1